UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                  DECISION AND ORDER
                                                            06-CR-208A

GRANT LEVEL BLAIR,

                Defendant.

---

## **INTRODUCTION**

Following his plea of guilty to misprision of a felony in violation of 18 U.S.C. § 4, defendant Grant Blair was sentenced by this Court to a term of 36 months of incarceration to be followed by one year of supervised release. The defendant's supervised release period commenced on February 5, 2009, and the defendant was permitted to move to California to be supervised by the probation office for the Central District of California, although this Court retained jurisdiction over his supervised release sentence.

On July 7, 2009, a petition for violation of supervised release was brought against the defendant in the Central District of California. The petition alleges that the defendant violated various terms and conditions of his supervised release by: (1) leaving the district without the permission of the Court or Probation to travel to Las Vegas; (2) regularly staying at an address not reported to his Probation officer; (3) having unsupervised contact with children; (4) using a

computer without giving advance notification to his Probation Officer (and setting up software on said computer in order to prevent and/or circumvent Probation's ability to monitor the computer); and (5) committing new crimes by collecting public assistance while he was employed.

The defendant was arrested on these violations and a detention hearing was held before the Hon. Oswald Parada, United States Magistrate Judge for the Central District of California. The government moved for detention. On August 7, 2009, Magistrate Judge Parada ordered that the defendant be released on an unsecured $100,000 appearance bond. The government appealed that release order to this Court pursuant to 18 U.S.C. § 3145. On August 17, 2009, this Court issued an order staying the defendant's release pending a hearing on the government's appeal.

On October 8, 2009, this Court heard oral argument on the government's appeal. After hearing argument and upon review of the record on appeal, the Court hereby grants the government's appeal and orders the defendant detained pending a hearing on the alleged supervised release violations.

## **DISCUSSION**

Pursuant to Rule 32.1(a)(6) of the Federal Rules of Criminal Procedure, a person arrested for a supervised release violation shall be released or detained in accordance with the provisions of 18 U.S.C. § 3143(a), which provides:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or ©).

See 18 U.S.C. § 3143(a). The defendant bears the burden of proving that he does not pose a risk of flight or a danger to the community. See Fed. R. Crim. P. 32.1(a)(6).

In determining whether a person poses a danger to the community or a risk of flight, the Court considers the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g); *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

With regard to the nature and circumstances of the offense, although the defendant pled guilty to misprision of a felony, the underlying conduct in that offense involved engaging in sexual activity with a minor and the production of child pornography. Specifically, the defendant was alleged to have engaged in sexual activity with a 16-year old and produced videotapes of that activity. Because the underlying criminal conduct involved sexual exploitation of a minor, the Court imposed various conditions of supervised release upon the defendant, directed toward minimizing the potential threat that he posed to minors.

What is troubling about this matter is that the conditions directed toward minimizing the risk that the defendant poses to children are the very conditions that he is accused of violating. For example, the violation petition alleges that the defendant used a computer without prior authorization of his probation office, installed software on that computer for the purpose of thwarting computer monitoring, and spent time with a minor unaccompanied by any other adult.

Although the defendant attempts to explain the circumstances surrounding each of the alleged violations, the Court is unpersuaded that those explanations weigh in favor of release. For example, the defendant claims that he did spend time with his girlfriend's children, but that she was always with them. This explanation is contrary to the statements made by the defendant's California

probation officer who stated that she saw the defendant get into a van with a child and drive the child to school and that no other adult entered the vehicle. *See* Tr. of August 7, 2009 hearing before Magistrate Judge Oswald Parada, at 16.

The defendant also attempts to excuse his failure to notify his probation officer of his computer use by asserting that he used the computer for work. While that may be true, the conditions of his supervised release required that he provide the probation office with "*advance notification* of any computer . . . that he will use during the term of supervision" and that any computer use would be subject to monitoring by the probation office. *See* Judgment of Conviction, Dkt. 78, at 4 (emphasis added). Even more troubling is the allegation that he installed software on his computer to thwart efforts at computer monitoring. In light of the circumstances of his underlying conviction (which involved videotaping sexual activity between himself and a 16 year old girl), the allegation that the defendant may have been trying to hide his computer activity is very concerning and weighs in favor of detention.

The second factor requires the Court to consider the weight of the evidence against the person. The Court finds this factor also weighs in favor of detention because the government appears to have strong evidence to support several of the alleged violations. First, it appears that the defendant does not deny that the failed to notify his probation officer *in advance* of his use of a computer. Second, there also appears to be strong evidence to support alleged violation that the

defendant traveled to Las Vegas without the permission of the Court or the Probation Officer. The government has produced hotel records indicating that a person named Grant Blair (with the same billing address as the defendant) stayed at the Treasure Island Hotel in Las Vegas on May 22 - 24, 2009. That is only three months after his supervised release commenced. The defendant disputes this allegation and asserts that he booked and paid for the hotel reservation in his name, but it was his daughter who actually traveled to Las Vegas and stayed there. The government rebuts this assertion by presenting a hotel receipt signed by the defendant, suggesting that he was physically in Las Vegas to sign it. Whether the defendant was actually in Las Vegas on those dates will be determined at the hearing. However, at this juncture, the government appears to have strong evidence to suggest that he was, and that the defendant violated his travel restrictions by taking that unauthorized trip to Nevada.

As to the third factor, the history and characteristics of the person, the defendant has a lengthy criminal record, including instances of non-appearance for court proceedings. His long list of convictions, including bigamy, numerous assaults, and a sexual assault charge, evidencing that he poses a danger to the community. He lacks any ties to the Western New York area. One of the alleged violations suggests that he may have left California to visit Las Vegas without the permission of his probation officer, which if proven, indicates that he disregards

court-ordered restrictions on travel. The defendant was only on supervised release for five months before the violation petition was filed, and some of the violations are alleged to have occurred within a few months of his release.

The final factor–the nature and seriousness of the danger posed by the defendant's release–also weighs in favor of detention. As stated, the defendant has criminal history involving violent activity. The activity underlying the offense of instant conviction involved sexual activity with a minor and creating child pornography. His history of assaults and engaging in sexual activity with a minor indicate that he poses a danger to the community.

## **CONCLUSION**

Upon consideration of all of the factors, the Court finds that the defendant poses a danger to the community and a risk of flight and that he has failed to satisfy his burden of demonstrating by clear and convincing evidence that he is not a flight risk or a danger to the community.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 29, 2009